IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50677
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

LUIS ALBERTO VILLA-DELGADO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2486-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Alberto Villa-Delgado appeals the 46-month sentence imposed following his guilty-plea conviction for attempting to reenter the United States illegally after having been removed. He contends that the district court erred in ruling that his prior Idaho rape conviction constituted the enumerated offense of statutory rape, triggering the 16-level enhancement contained in U.S.S.G. § 2L1.2(b)(1)(A)(ii). He also contends that his sentence exceeds the statutory maximum under 8 U.S.C. § 1326(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Villa preserved his Guidelines argument in the district court, we review that court's interpretation of the Guidelines de novo. United States v. Carbajal-Diaz, 508 F.3d 804, 807 (5th Cir. 2007). The Idaho statute of conviction criminalizes sexual intercourse with a female younger than 18 years of age. The charging document, to which Villa pleaded guilty, stated that the female victim was 13 years of age. Thus, Villa's crime may be narrowly defined as unlawful sexual intercourse with a 13-year old female. See id. at 807-10. This crime is encompassed within the generic, contemporary meaning of statutory rape. Accordingly, application of the 16-level enhancement was proper. See id.

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Villa challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

AFFIRMED.